## J. S. Sheeler v. Porter Hardware Company, J. W. Porter and Frank Barton, Appellants.

**Submission of issues:** THEORY OF CAUSE. Where the defendants in replevin based their right to possession of the property solely on the strength of an attachment, and made no pretense of holding under a mortgage, refusal to submit the question of possession under the mortgage was proper.

Chattel mortgages: PAYMENT. The holder of a chattel mortgage is entitled to unconditional payment; and a purchaser of the property cannot condition his payment upon the discharge of an attachment held by the mortgagee.

Replevin: INSTRUCTIONS: CONSISTENCY. In this action for the replevin of property held under an attachment against another party, an instruction that if the property was owned by the plaintiff at the time of the levy, and if he bought it in good faith and for a valuable consideration, he was entitled to a verdict, was not inconsistent with another instruction as to the necessity of change of possession or the recording of a bill of sale, merely supplementing the former charge.

Same: CHANGE OF POSSESSION: INSTRUCTIONS. Where the evidence in an action for replevin of a hay bailer, claimed by plaintiff as a bona fide purchaser, disclosed that it was bulky and was operated and moved by an engine, and usually left where it was last used until needed elsewhere, an instruction that the change of possession must have been such as would apprise third parties that there had been a change of ownership was sufficient; and refusal to instruct that the question of possession depends on the nature of the property, that when the owner exercises the control of a thing in the manner and extent usual in cases of like property, according to the usual manner of using and handling such things, the property is to be regarded as in his legal possession, was not prejudicial.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

THURSDAY, SEPTEMBER 25, 1913.

ACTION in replevin resulted in judgment for the plaintiff, from which the defendants appeal.—*Affirmed.*

*Brammer & Barryhill,* for appellants.

*Thomas L. Sellers,* for appellee.

LADD, J.—The Porter Hardware Company sued W. C. Sheeler before M. W. Wilson, a justice of the peace, on a promissory note of $177, and caused a writ of attachment to

issue and be levied on a hay press or bailer October 28, 1910. J. S. Sheeler claiming to have purchased this property of his brother, W. C. Sheeler, began this action December 23d following. The petition alleged as the cause of retention either the levy of this attachment or a mortgage, and the answer admitted that the Porter Hardware Company had a mortgage thereon, but did not allege that by virtue of it possession was claimed or retained. In an amendment to the petition, it was said that possession was retained by defendants under the writ of attachment, and also, that said company acquired from another a mortgage on the property by assignment, that plaintiff ''had assumed payment of the balance owing on said mortgage,'' and then alleged a tender of payment and waiver of the mortgage. To this defendants answered by admitting having taken the property under the writ of attachment. They also admitted ''that the Porter Hardware Company has a mortgage covering the property,'' that the mortgage was properly recorded, and further, that the press belonged to W. C. Sheeler, and that the alleged sale was without consideration and fraudulent.

I. It will be observed that there was no pretense of taking or holding the property under the mortgage. On the contrary, defendants expressly admitted that Barton, the constable, took it under the writ of attachment, and still retained it. This being so the court rightly refused to give the fourth instruction requested, saying, in substance, that if the mortgage were mature defendants were entitled to possession thereunder. No such issue was tendered.

1. SUBMISSION OF ISSUES: theory of cause.

II. Nor was there error in not submitting the issue as to whether plaintiff tendered payment of the balance owing on the mortgage, for the offer to pay was on condition that the property be released from the levy. This the holder of the mortgage was under no obligation to do in order to entitle him to payment. The seventh instruction requested so stated the law;

2. CHATTEL MORTGAGES: payment.

but, as the evidence of tender was insufficient, the court did not err in withdrawing that issue from the jury.

III. Appellant contends that the second and third instructions are inconsistent and contradictory. In the former, the jury was told that plaintiff claimed to be the owner of the bailer, and, if they should find it was "owned by the plaintiff at the time of the levy of said writ, and that he had bought the same from his brother in good faith and for a valuable consideration, and was the actual owner thereof, then your verdict, if you so find, will be for the plaintiff. If you fail to so find, then your verdict will be for the defendant." In the third instruction, after directing attention to the statute, declaring sales not evidenced in writing duly recorded invalid as against existing creditors or subsequent purchasers, unless there be "such change of possession of the property as would give third parties notice of the change in ownership," the jury was told that: "If you find as above stated in the second instruction that a sale of this property was made to plaintiff in good faith, and that there was a change of possession such as would give third parties notice of such change of ownership, then you will find for the plaintiff. But if you find that after the alleged sale was made there was no notice, or change of possession such as would give third parties notice of such change of ownership, but that the same was held the same as it had been previously by the parties thereto, then you would be justified in finding that there was no sale to plaintiff in good faith, and your verdict would be for the defendants."

3. REPLEVIN: instructions: consistency.

The language of these instructions, though not accurate, is not inconsistent or contradictory. In the second instruction, the finding of a purchaser in good faith is made essential to a verdict for plaintiff, and this is emphasized in the third, in which such change of possession as would afford third parties notice of change of ownership is declared essential to a sale in good faith, in the absence of which a verdict should be for defendants. Of course, there may be a sale of prop-

erty in entire good faith without any change of possession. Indeed, the matter of good faith is not necessarily involved; the statute merely exacting constructive or actual notice of the transfer of titles as against the classes named; i. e., existing creditors and subsequent purchasers. But the jury was instructed in the third paragraph that such change of possession as would be notice of change of ownership to third parties was essential to a good-faith purchase, and in the second that a finding of such good faith was essential to a verdict for plaintiff. There was no inconsistency then, and the second instruction cannot for that reason be held erroneous, nor for that delivery was not exacted as a condition to upholding the alleged purchase by plaintiff valid.

IV. Again, complaint is made of the court's refusal to give the sixth instruction requested. Therein it is said "the question of possession depends on the nature of the property," that all property cannot be held in the same manner, the mode of handling small and bulky articles differing, and that, "when the owner exercises the control of a thing in the manner and to the extent usual in cases of property of like character, according to the ordinary manner of using and handling such things, such property is to be regarded as in his legal possession." This instruction might well have been given; but in view of the record its refusal cannot be said to have been prejudicial error.

4. SAME: change of possession: instructions.

No evidence as to the kind of hay press involved nor of its size or weight was adduced. It was operated by an engine and hauled thereby, and was customarily left at the place last used until needed at another.

The testimony of plaintiff that he had been in charge of it several months before the levy was undisputed, save the showing that he and W. C. Sheeler together were bailing hay; the one furnishing the bailer and the other the engine, and dividing the earnings. If, then, the machine was bulky, as might be inferred, the defendants were not prejudiced by

the refusal to instruct that in that event actual manual delivery was not essential to a change of possession, and there was nothing to show that it was so small as to be transferable from hand to hand. The requirement that the change of possession must have been such as would apprise third parties that there had been a change of ownership was under the circumstances disclosed quite as favorable to defendants as they might exact, and the error in refusing the instruction, if any, was without prejudice, and the judgment is *Affirmed.*